* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Taylor with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act.
4. The employment relationship existed between employee-plaintiff and employer-defendant on May 24, 1999.
5. Plaintiff suffered a compensable injury by accident while working for employer on May 24, 1999.
6. Plaintiff's average weekly wage is $521.32.
7. The parties stipulated into evidence as Stipulated Exhibit 1, a packet of plaintiff's medical records.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 27, 2001, Deputy Commissioner Chrystal Redding Stanback issued an Opinion and Award in this matter which concluded in addition to other matters that plaintiff reached maximum medical improvement on April 28, 2000 and that plaintiff was entitled to permanent partial disability compensation for his 15% permanent partial disability of the back.
2. At the time of the hearing in this matter before the deputy commissioner, plaintiff was a 51 year old male, born January 6, 1952.
3. On May 24, 1999, plaintiff sustained a compensable injury to his back. As a result of his compensable back injury, plaintiff treated with various providers including Dr. Wheeless and Dr. Ralph Liebelt.
4. Dr. Liebelt reviewed a MRI and noted that plaintiff had stenotic changes at L2-3 and L4-5, with impingement upon the nerve roots. Dr. Liebelt was of the opinion that plaintiff's leg symptoms were due to his stenosis and nerve impingement. As of April 28, 2000, Dr. Liebelt was of the opinion that plaintiff would be unable to return to work as a mechanic doing heavy lifting, that plaintiff had reached maximum medical improvement and that plaintiff retained a 15% permanent partial disability to the back.
5. A February 27, 2001 Opinion and Award issued by Deputy Commissioner Chrystal Redding Stanback ordered defendants to pay medical and indemnity benefits to plaintiff through April 28, 2000 when he reached maximum medical improvement.
6. On July 10, 2001, plaintiff presented to Dr. Liebelt complaining of problems with his back and legs as well as complaints of trouble holding his bowels and erectile difficulty. At that time plaintiff had already consulted with a gastroneurologist/urologist and had been unable to discover the cause of his bowel and erectile difficulties.
7. On August 1, 2001, plaintiff underwent electrodiagnostic studies of both lower extremities which were abnormal and showed significant right L4-5 radiculopathy with axonopathy.
8. An October 23, 2001 MRI did not reveal any major changes from a previous scan and revealed diffused bulging with central disc protrusion at L4-5, and L2-3 and L3-4 fairly stable mild stenosis.
9. On November 9, 2001, Dr. Liebelt was unable to relate plaintiff's bowel, bladder and erectile problems to his lumbar condition. At that time, Dr. Liebelt was of the opinion that it was reasonable to consider a percutaneous decompression of the L4-5 and L3-4 discs.
10. Plaintiff continued to treat with Dr. Liebelt without much change of his condition through September 10, 2002. Plaintiff continued to receive prescriptions for Darvocet. At that time Dr. Liebelt was of the opinion that plaintiff was unable to return to his previous line of work.
11. In August 2002, plaintiff's pain escalated, and on September 10, 2002, he presented to Dr. Liebelt. At this visit, Dr. Liebelt was of the opinion that plaintiff's symptoms and pain had escalated and continued to be progressive. At this time, plaintiff's back pain was more pronounced as opposed to the past when his leg pain had been more pronounced.
12. On November 22, 2002, after reviewing electrical studies which revealed there was not significant peripheral neuropathy and which were consistent with a lumbar radiculapothy from stenosis, Dr. Liebelt continued to recommend surgery.
13. On March 4, 2003, Dr. Liebelt was of the opinion that there was no way to definitively relate plaintiff's gastrointestinal symptoms to his back. Dr. Liebelt continued to recommend lumbar decompression but indicated that plaintiff's gastrointestinal and bladder symptoms might not improve after the procedure.
14. On August 5, 2003, Dr. Liebelt indicated that his opinion remained the same: that plaintiff does have an element of dynamic stenosis and that his only option is lumbar decompression/fusion.
15. Plaintiff has had extensive gastrointestinal workups, which have found no cause for his symptoms other than they are suspected to be related to his spine.
16. Dr. Liebelt was of the opinion that there is a substantial likelihood that plaintiff will need future medical treatment as a direct and proximate result of his compensable back injury due to the fact that plaintiff's condition is ongoing.
17. Dr. Liebelt was of the opinion that plaintiff is unable to do repetitive bending, stooping or floor to waist lifting and has absolute lifting restrictions of the ten to twenty pound range.
18. On September 6, 2000, Dr. Liebelt placed plaintiff at the light to medium category of work. Since that time, plaintiff's back complaints have increased and Dr. Liebelt would reduce plaintiff to light duty only, thereby affecting plaintiff's ability to earn wages.
19. On September 6, 2000, Dr. Liebelt was of the opinion that plaintiff had a 15% permanent partial impairment to his back. As of December 3, 2003, Dr. Liebelt was of the opinion that plaintiff's rating was higher. Dr. Liebelt rated plaintiff at 15% impairment to his back due to his stenotic symptoms and not based upon his back symptoms. As plaintiff's discogenic pain and back pain have increased, Dr. Liebelt was of the opinion that he could raise plaintiff's rating to as high as 40%.
20. Plaintiff had a reaction to medications at one point which required an extensive cardiac workup. Plaintiff's family members had similar hypersensitivities to medications and other family members who have had surgery of any sort had complications.
21. On August 14, 2003, plaintiff presented to Dr. Josephus Bloem, an orthopedic surgeon, at the direction of defendants for an independent medical examination.
22. As a result of reading plaintiff's records and a physical exam, Dr. Bloem was of the opinion that plaintiff had spinal stenosis at L2-3 and L3-4 and a herniated disc at L4-L5 impinging on the nerve root. He was also of the opinion that plaintiff had degenerative changes. Dr. Bloem was also of the opinion that plaintiff's erectile dysfunction and stool incontinence and the lack of pathology of the GI tract or urology tract meant that these conditions were caused by plaintiff's spinal stenosis.
23. Dr. Bloem was of the opinion that plaintiff's condition is getting worse as demonstrated by his sphinter control problems, numbness and tingling of both legs, plaintiff's inability to feel his feet, weakness of both legs which at times give out and almost make him fall and increasing pain and discomfort.
24. Dr. Bloem was of the opinion that plaintiff needs surgery to his back in the form of a lamenictomy with diskectomy and then a possible stabilization of the spine or fusion and that as plaintiff's condition is worsening, time is of the essence.
25. Dr. Bloem was of the opinion that there is a substantial risk that plaintiff will require future medical treatment.
26. Dr. Bloem placed plaintiff on restrictions of no heavy lifting, pushing, pulling, no lifting greater than fifteen pounds, no prolonged sitting or standing in one position and no driving greater than one-half hour.
27. The opinion of Dr. Liebelt in regards to the cause of plaintiff's gastrointestinal and erectile problems is given more weight than that of Dr. Bloem, as Dr. Liebelt has more expertise in this area.
28. On May 24, 1999, plaintiff sustained a compensable injury to his back.
29. On July 10, 2001, plaintiff suffered a substantial change of condition with regard to his back when he began to experienced discogenic pain in his back which was greatly increased.
30. The symptoms which plaintiff experiences currently with his back and legs are a direct and proximate result of his compensable injury.
31. Plaintiff has failed to prove by the greater weight of the evidence that his gastrointestinal, bladder, and erectile problems are a direct and proximate result of his compensable injury.
32. As a direct and proximate result of plaintiff's substantial change of condition plaintiff has been unable to perform the same employment and has been unable to earn wages with defendant or any other employment.
33. As a result of plaintiff's substantial change of condition and the resulting inability to earn wages at the same or any other employment, plaintiff is entitled to temporary total disability compensation at the rate of $347.57 per week from July 10, 2001 and continuing until further Order of the Commission.
34. Plaintiff is entitled to have defendants provide medical treatment for his compensable back injury as long as the same is reasonably designed to effect a cure, provide relief or lessen plaintiff's period of disability.
35. There is a substantial risk that plaintiff will need future medical treatment for his back and plaintiff is therefore entitled to future medical compensation pursuant to N.C. Gen. Stat. § 97-25.1.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On July 10, 2001, plaintiff suffered a substantial change of condition with regard to his back when he began to experienced discogenic pain in his back which was greatly increased. N.C. Gen. Stat. § 97-47
2. The symptoms which plaintiff experiences currently with his back and legs as well as his erectile and bowel incontinence are not causally related to his compensable injury. Holley v. Acts, Inc., 357 N.C. 228,581 S.E.2d 750 (2003).
3. As a direct and proximate result of plaintiff's substantial change of condition plaintiff has been unable to perform the same employment and has been unable to earn wages with defendant or any other employment. N.C. Gen. Stat. § 97-47.
4. As a result of plaintiff's substantial change of condition and the resulting inability to earn wages at the same or any other employment, plaintiff is entitled to temporary total disability compensation at the rate of $347.57 per week from July 10, 2001 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to have defendants provide medical treatment for his compensable conditions as long as the same is reasonable designed to effect a cure, provide relief or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
6. There is a substantial risk that plaintiff will need future medical treatment for his back and plaintiff is therefore entitled to future medical compensation pursuant to N.C. Gen. Stat. § 97-25.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability benefits in the amount of $347.57 per week for the period from July 10, 2001 and continuing until further Order of the Commission. Portions of this amount have accrued and shall be paid in a lump sum. These amounts shall be paid subject to a reasonable attorney's fee approved in paragraph 2.
2. A reasonable attorney's fee of 25% of the compensation due plaintiff in Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: 25% of the compensation due plaintiff shall be deducted by defendants and paid directly to plaintiff's counsel, and thereafter, plaintiff's counsel shall receive every fourth check.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury including those that occur in the future as long as such treatment is reasonably designed to effect a cure, provide relief or lessen plaintiff's period of disability.
4. Defendants shall pay the costs.
This the __ day of January, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
 S/_________________ PAMELA T. YOUNG COMMISSIONER